Taylor B. Graham, Esq. (SBN 331398)
graham@peltongraham.com
Brent E. Pelton, Esq. (SBN 224193)
pelton@peltongraham.com
**PELTON GRAHAM**
456 Montgomery Street, 18th Floor
San Francisco, CA 94104
Telephone: (415) 437-9100
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the Proposed Class and Subclass*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL RENERO, ALBERT AGUERO, YOBANY HERNANDEZ, JUAN PEDROZA, ARMANDO NEGRETE, and RAY DEGUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>JOHNSON CONTROLS, INC.,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY PREVAILING WAGES IN VIOLATION OF CAL. LAB. CODE § 1720 *et seq.*;<br>2. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLAION OF CAL. LAB. CODE § 203; and<br>3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Emmanuel Renero, Albert Aguero, Yobany Hernandez, Juan Pedroza, Armando Negrete and Ray DeGuzman (collectively, the "Plaintiffs"), on behalf of themselves and all others similarly situated, complain against Johnson Controls, Inc. as follows:

## NATURE OF THE ACTION

1.      This action is brought on behalf of Plaintiffs and a similarly situated class of laborers, workers, and mechanics who performed work for Defendant Johnson Controls, Inc. on public works projects in the State of California. Plaintiffs seek to recover unpaid prevailing wages, and unpaid employee benefits or their value included in per diem wages mandated by California law, which they and members of the proposed class are entitled to receive but did not receive for work they performed on the public works projects.

2.      The California Prevailing Wage Law, Cal. Lab. Code §§ 1720 *et seq.* ("CPWL"), requires that employers with public contracts pay their laborers, workers, and mechanics on public works projects the general prevailing rate of per diem wages, including overtime at least at the rate of one and one-half times the basic rate of pay, as determined by the Director of Industrial Relations. Cal. Lab. Code §§ 1773, 1815; *see id.* § 510. Per diem wages include, among other things, employer payment for health and welfare, pension, vacation, travel, and subsistence. *Id.* § 1773.1.

3.      Workers who must be paid the prevailing rate of wages for public work

include all laborers, workers, or mechanics employed by contractors or subcontractors in the execution of any contract for public work. *Id.* §§ 1723, 1772, 1774.

4.    Plaintiffs and the putative class members worked for Defendant as "technicians"[1] responsible for programming, commissioning, maintenance, repairs, testing and inspection of fire and security, HVAC and other building controls systems on private and public works projects.

5.    For their work on public works projects, Defendant has paid Plaintiffs and the putative class members substantially lower than the prevailing rate of per diem wages applicable to their work, in violation of the California Prevailing Wage Law.

6.    Plaintiffs therefore bring claims on behalf of themselves and putative class members for violations of the CPWL, for waiting time penalties in violation of Cal. Lab. Code § 203, for unfair business practices in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

**JURISDICTION AND VENUE**

7.    This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are more than 100 members in the proposed class, with the final number expected to exceed

---

[1] "Technicians" refers to a category of employees of JCI which includes but is not limited to HVAC technicians, fire and security technicians, systems technicians, controls technicians, service technicians, fire systems representatives, systems representatives, lead systems specialists, system designers, and other job titles utilized by JCI for similar positions.

200; (2) all of the Plaintiffs, and all or virtually all of the proposed class members, are citizens of California and have a different citizenship from Defendant, a citizen of Wisconsin, whose principal place of business is Wisconsin; and (3) the claims of the individual proposed class members, when aggregated, exceed the sum or value of $5,000,000.00, exclusive of interest and costs.

8.    The Southern District of California has personal jurisdiction over Defendant because Defendant maintains offices in this district, does business in California and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred and continue to occur in California and in this district.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because Plaintiffs Renero, Aguero, and Hernandez resided in this district during the events giving rise to the claims, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs:**

10.    Plaintiff Emmanuel Renero ("Renero") worked for Defendant from July 5, 2016 through February 20, 2020, as a "Fire Tech I".

11.    At all relevant times, Renero has been an adult individual residing in Los Angeles County, California.

12.    During the relevant time period, Renero worked for Defendant on various

public works projects, including but not limited to, Long Beach Court House, City of Riverside Water Treatment Plant, John Wayne Airport – Orange County, Arrowhead Regional Medical Center (County of San Bernardino), and projects with the City of Irvine, and Los Angeles County, among others.

13.    For his work on public works projects, Renero was paid between approximately $20.50 and $23.00 per hour.

14.    Upon his separation from JCI in February 2020, Renero was not paid and has still not been paid all unpaid prevailing wages owed to him.

15.    Plaintiff Albert Aguero ("Aguero") has worked for Defendant since December 1999 through the present, and he currently holds the position of "System Designer (SD)".

16.    At all relevant times, Aguero has been an adult individual residing in Los Angeles County, California.

17.    During the relevant time period, Aguero has worked for Defendant on numerous public works projects, including but not limited to, Cal State University – Los Angeles, Cal State University – Dominguez Hills, LAPD 911 Call Center, Los Angeles Fire Command Center, Los Angeles Metro, and Los Angeles Public Library, among others.

18.    For his work on public works projects, Aguero has been paid approximately $40.00 per hour.

CLASS ACTION COMPLAINT

19.    Plaintiff Yobany Hernandez ("Hernandez") has worked for Defendant since approximately 2000 through the present, and he currently holds the position of "Security/Fire Rep III".

20.    At all relevant times, Hernandez has been an adult individual residing in Los Angeles County, California.

21.    During the relevant time period, Hernandez has worked for Defendant on numerous public works projects, including but not limited to, Long Beach Court House, City of Riverside Water Treatment Plant, John Wayne Airport – Orange County, Arrowhead Regional Medical Center (County of San Bernardino), and projects with the City of Irvine, and Los Angeles County, among others.

22.    For his work on public works projects, Hernandez has been paid between approximately $43.00 and $47.00 per hour.

23.    Plaintiff Juan Pedroza ("Pedroza") has worked for Defendant since November 14, 2017 through the present, as a "Controls Technician I".

24.    At all relevant times, Pedroza has been an adult individual residing in Orange County, California.

25.    During his employment with Defendant, Pedroza has worked for Defendant on various public works projects, including but not limited to, Los Angeles Fire Department, Cal State University – Los Angeles, Los Angeles Unified School District, Anaheim Union High School District, University of California – Irvine, Los

Angeles County Public Works Headquarters, among others.

26.    For his work on public works projects, Pedroza has been paid between $25.00 and $27.00 per hour.

27.    Plaintiff Armando Negrete ("Negrete") has worked for Defendant since 2010 through the present. During the relevant time period, Negrete has worked as a "System Designer (SD)" and currently holds the position of "Lead Systems Specialist (LSS)".

28.    At all relevant times, Negrete has been an adult individual residing in Riverside County, California.

29.    During the relevant time period, Negrete was worked for Defendant on various public works projects, including but not limited to, various schools within the Anaheim Union High School District, various schools within the Los Angeles Unified School District including South Region High School #8, Los Angeles City Library, and various buildings on the Cal State University – Los Angeles campus, among others.

30.    For his work on public works projects, Negrete has been paid between approximately $37.00 and $54.00 per hour.

31.    Plaintiff Ray DeGuzman ("DeGuzman") has worked for Defendant since June 2017 through the present, as an "HVAC TB, SR Controls Tech".

32.    At all relevant times, DeGuzman has been an adult individual residing in Orange County, California.

CLASS ACTION COMPLAINT

33.     During the relevant time period, DeGuzman has worked for Defendant on various public works projects, including but not limited to, Los Angeles International Airport (LAX), Long Beach Court House, City of Irvine, among others.

34.     For his work on public works projects, DeGuzman has been paid between approximately $28.00 and $30.00 per hour.

35.     Plaintiffs and members of the proposed class are "Workers", as defined by Cal. Lab. Code § 1723, who were "employed by a contractor or subcontractor in the execution of any contract for public work," as defined by Cal. Lab. Code § 1772.

**Defendant:**

36.     Defendant Johnson Controls, Inc. ("Defendant" or "JCI") is a corporation formed in the state of Wisconsin, with a principal place of business located at 5757 No. Green Bay Avenue, Milwaukee, WI 53209.

37.     JCI is publicly traded on the New York Stock Exchange under ticker symbol "JCI" and reports $22 Billion in annual revenues. (https://www.johnsoncontrols.com/about-us/our-company).

38.     Defendant has district offices throughout the state of California, including in: Cypress, Fresno, Bakersfield, Hayward, Sacramento, and San Diego, among others.

39.     At all relevant times, Defendant contracted and entered into contracts, either as a prime contractor or as a subcontractor, to perform public work throughout the State of California covered by the CPWL.

## FED. R. CIV. P. 23 CLASS ALLEGATIONS

**Unpaid Prevailing Wage Class**

40. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring their First and Second Causes of Action on behalf of themselves and the following class:

> All individuals employed by JCI at any time between the date four (4) years prior to the filing of this action through the date of the final disposition of this action (the "Class Period") who have performed commissioning, programming, testing, inspection, troubleshooting, maintenance and/or similar work on HVAC, fire alarm, sprinkler systems, and/or other building controls systems in California on "public works," as defined in Cal. Lab. Code §§ 1720, 1771, and who were not paid at least the prevailing rate of per diem wages (the "Class Members").

**Waiting Time Subclass**

41. Pursuant to Fed. R. Civ. P. 23, Plaintiff Renero brings his Third Cause of Action on behalf of himself and the following sub-class:

> All Class Members whose employment with Defendant ended at any time during the period within three (3) years prior to the filing of this action through the date of the final disposition of this action (the "Subclass Members").

42.    <u>The Class and Subclass Members are readily ascertainable</u>. The number and identity of the Class and Subclass Members are determinable from the records of Defendant. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23(c)(2).

43.    <u>The Class and Subclass Members are so numerous that joinder of all members is impracticable.</u> Upon information and belief, there are in excess of one hundred (100) Class Members and fifty (50) Subclass Members.

44.    <u>Common questions of law and fact exist as to all Class and Subclass Members and predominate over any questions solely affecting individual Class and Subclass Members.</u> Such common questions will determine Defendant's liability to all (or nearly all) Class and Subclass Members. These common questions include:

a.  whether Defendant failed to create and implement a reliable system ensuring the payment of prevailing wages for covered work performed by Plaintiffs and Class Members when due;

b.  whether the work performed by Plaintiffs and the Class Members on public works projects, or any part thereof, requires payment of prevailing wages under Labor Code § 1720 *et seq.*;

c.  whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

d.  whether Defendant failed and/or refused to pay Plaintiffs and the Class Members the prevailing rate of per diem wages on public works projects as required by the CPWL;

e.  whether Defendant failed and/or refused to pay Plaintiffs and the Class Members the prevailing wage overtime premiums for work performed on public works projects as required by the CPLW;

f.  whether the failure of Defendant to pay Plaintiffs and Class Members the minimum required wage under the CPLW for work on public projects has resulted in Plaintiffs and Class Members not being paid all wages due at the applicable rates;

g.  whether Defendant engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*;

h.  whether Defendant violated Cal. Lab. Code § 203 by failing to timely pay, to Plaintiff Renero and the Subclass Members, all wages due and owing upon termination or within 72 hours of resignation;

i.  whether Defendant's failure to properly pay Plaintiffs and the Class and Subclass Members lacked a good faith basis; and

j.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

45.    <u>Plaintiffs' claims are typical of the Class Members' and Subclass Members' claims.</u> Plaintiffs, like all Class Members, were employees of Defendant who worked for Defendant pursuant to their corporate policies. Plaintiffs, like all Class Members, were, inter alia, not paid the prevailing rate of per diem wages for work performed on public works projects; and were not paid all wages owed when due to them. Further, Plaintiff Renero, like all Subclass Members, was not paid all prevailing wages owed to him upon his separation from Defendant. If Defendant is liable to the Plaintiffs for the Class and Subclass claims enumerated in this Complaint, they are also liable to all Class and Subclass Members.

46.    <u>Plaintiffs and their Counsel will fairly and adequately represent the Class and Subclass Members.</u> There are no conflicts between Plaintiffs and the Class and/or Subclass Members, and Plaintiffs bring this lawsuit out of a desire to help all Class and Subclass Members, not merely out of a desire to recover their own damages.

47.    Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class and Subclass Members.

48.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation.</u> Defendant is a sophisticated corporation with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, such as JCI.

49.    The individual members of the Class and Subclass have no interest or

capacity to bring separate actions; Plaintiffs are unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## ADDITIONAL FACTUAL ALLEGATIONS

**Plaintiffs and Class Members perform work subject to prevailing wages.**

50.    At all relevant times, JCI was or should have been aware that the work performed by Plaintiffs and Class Members on public works projects should have been paid at the applicable prevailing wage rate.

51.    Throughout the relevant time period, JCI contracted and entered into contracts and/or master agreements, either as a prime contractor or as a subcontractor, to perform work for various political subdivisions of the State of California, counties, cities, school districts, and other public works projects funded in whole or in part by public funds and covered by the CPWL. Even if such contracts did not explicitly contain a requirement to pay Plaintiffs and Class Members prevailing wages, the "duty to pay prevailing wages is mandated by statute and is enforceable independent of an express contractual agreement." _Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc._, 102 Cal.App.4th 765, 779 (2002).

52.    Regardless of which public works project they worked on, Plaintiffs and Class Members performed the same type of tasks which are necessary and integral to JCI's performance of their contractual obligations.

53.    At all relevant times, the California Department of Industrial Relations ("DIR") has consistently determined that the type of work performed by Plaintiffs and Class Members on public works projects is covered by the CPWL and should be compensated at prevailing wage rates. *See, e.g.,* <u>Public Works Case No. 2020-019 (Electrical acceptance testing work)</u>; <u>Public Works Case Nos. 2018-018 and 2018-031(HVAC commissioning work)</u>; <u>Public Works Case No. 2015-016 (preventative maintenance of building automation systems)</u>; <u>Public Works Case No. 2015-012 (fire alarm and sprinkler system testing, inspection and maintenance work)</u>, among others.

54.    In addition, courts have also found that the type of work performed by Plaintiffs and Class Members on public works projects requires the payment of prevailing wages. *See, e.g., <u>Bennett v. SimplexGrinnell LP[2]</u>,* <u>No. 11-CV-01854-JST, 2014 WL 910354 (N.D. Cal. Mar. 5, 2014) (finding that stand-alone fire alarm and sprinkler testing and inspection work is covered by the CPWL)</u>; *<u>Ohio St. Assn. of United Assn. of Journeyman and Apprentices v. Johnson Controls, Inc.</u>,* <u>123 Ohio App.3d 190 (Ohio Ct. App. 1997) (holding that prevailing wages were required to be paid to "technicians" who "primarily utilize[d] a laptop computer and small hand tools" to install, commission, and calibrate digital electronic controls used in HVAC systems on a public works project)</u>.

---

[2] In September 2016, JCI completed a merger with Tyco SimplexGrinnell. As of May 2017, JCI announced that the brand identity of SimplexGrinnell would be transitioned to JCI.

55.    Despite this clear guidance, prior to approximately August 2021, JCI had a company policy of failing to pay their field "technicians" in California the prevailing rate of per diem wages for their work on public works projects.

56.    Defendant has a history of failing to pay prevailing wages to its workers on public works projects and cases alleging a failure to pay prevailing wages for similar work performed by Plaintiffs and Class Members have been filed against Defendant in several states. *See, e.g., Martin v. Johnson Controls Fire Protection, LP*, No. 2:19-cv-00514-RAJ (W.D. Wash. 2019); *Evans v. Johnson Controls, Inc.*, No. 14-cv-01095-WMS (W.D.N.Y. 2015).

57.    In or around August 2021, after years of complaints and questions to management regarding their entitlement to prevailing wage for their work on public works projects, certain Plaintiffs and members of the Class began receiving payment at prevailing wage rates of approximately $80.00 per hour, not including benefits, for work on certain public works projects, which is significantly higher than the non-prevailing wage rates that Plaintiffs and Class Members have otherwise been paid for their work on public works projects throughout the relevant time period.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA PREVAILING WAGE LAW
## CAL. LAB. CODE §§ 1720 *et seq.*

58.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same

force and effect as though fully set forth herein.

59.    Defendant contracted to perform public work in the State of California on public works projects covered by the California Prevailing Wage Law.

60.    Plaintiffs and Class Members were workers employed by Defendant to perform work in the execution of such public work.

61.    Defendant failed and refused to pay Plaintiffs and Class Members the prevailing rate of per diem wages, including overtime and the value of employee benefits included in the per diem wages, as required by the California Prevailing Wage Law.

62.    Defendant's acts and omissions in this regard are willful and not in good faith, and are without reasonable grounds for believing that the alleged acts and omissions are in compliance with the California Prevailing Wage Law.

63.    As a result of Defendant's acts and omissions in violation of the California Prevailing Wage Law, Plaintiffs and Class Members have suffered, and continue to suffer, monetary injury.

64.    Declaratory and injunctive relief is necessary and appropriate to ensure that Defendant ceases violating the California Prevailing Wage Law.

65.    Plaintiffs and Class Members are entitled to recover the unpaid balance of the prevailing rate of per diem wages earned, plus interest and reasonable attorneys' fees and costs of this action, pursuant to Cal. Lab. Code § 1194(a).

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
## <u>CAL. BUS. & PROF. CODE §§ 17200 *et seq.*</u>

66.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.     Defendant's acts and omissions alleged herein violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 prohibits unfair competition by engaging in, among other things, any unlawful or unfair business acts or practices.

68.     Beginning on a date unknown to Plaintiffs, but at least as long as four (4) years before the filing of this action, Defendant committed, and continues to commit, acts of unfair competition, as defined by the California Unfair Competition Law, by, among other things, engaging in the acts and omissions alleged herein.

69.     Defendant has committed such acts and omissions with the intent and objective of gaining an unfair competitive advantage over other businesses that compete with Defendant for public work, particularly because Defendant has obtained public works contracts upon the false representation and certification that it will pay its workers the required prevailing rate of wages on public works projects covered by California Prevailing Wage Law.

70.     Defendant engaged in acts and omissions in violation of the California

Unfair Competition Law by violating, among others, each of the following laws, the violation of which constitutes independent and separate violations of the California Unfair Competition Law:

      a.    California Labor Code § 203;

      b.    California Labor Code §§ 1774, 1776; and

      c.    California Labor Code § 1194.

71.    As a direct and proximate result of Defendant's acts and omissions alleged herein, Defendant received and continues to hold, and to unlawfully profit from, ill-gotten gains belonging to Plaintiffs and Class Members.

72.    Plaintiffs and Class Members have suffered and continue to suffer substantial injury from Defendant's acts and omissions.

73.    Plaintiffs and Class Members are entitled to restitution pursuant to the California Unfair Competition Law in the amounts unlawfully withheld by Defendant, with interest, as well as an award of reasonable attorneys' fees and costs of this action.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA LABOR CODE
## CAL. LAB. CODE § 203

74.    Plaintiff Renero, on behalf of himself and the Subclass Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.    Defendant was required to pay all wages due and owing to Plaintiff Renero

and the Subclass Members upon their separation from Defendant.

76.    Defendant failed to pay the prevailing rate of per diem wages earned by Plaintiff Renero and the Subclass Members upon their separation.

77.    Defendant's failure to pay all wages was willful, as Defendant was aware that the prevailing rate of per diem wages earned were due and owing to Plaintiff Renero and the Subclass Members.

78.    Plaintiff Renero and the Subclass Members' unpaid wages continue to be due and owing, as of the present date.

79.    Plaintiff Renero and the Subclass Members are entitled to collect a penalty of an additional thirty (30) days of wages, pursuant to Cal. Lab. Code § 203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class and Subclass Members, respectfully request that the Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a) & (b) on behalf of the Class and Subclass, appointing Plaintiffs and their counsel to represent the Class and Subclass;

b.    Award Plaintiffs and Class Members, as damages or restitution, the unpaid balance of the prevailing rate of per diem wages earned under the CPWL, including overtime and employee benefits or the value of such benefits included in the per diem wages, with interest thereon from the date of each

missed payment to the date of judgment in this action;

c.      Award penalties pursuant to Cal. Lab. Code § 203;

d.      Grant appropriate declaratory, injunctive and equitable relief to enjoin Defendant from the unlawful actions alleged herein;

e.      Award reasonable attorneys' fees and costs, pursuant to Cal. Lab. Code § 1194(a) and the California Unfair Competition Law; and

f.      Order such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 8, 2021                    Respectfully submitted,

**PELTON GRAHAM**

Taylor B. Graham (SBN 331398)
graham@peltongraham.com
Brent E. Pelton (SBN 224193)
pelton@peltongraham.com
456 Montgomery Street, 18th Floor
San Francisco, CA 94104
Tel: (415) 437-9100
Fax: (212) 385-0800

*Attorneys for Plaintiffs and the Proposed Class and Subclass*